IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT E. BARBER,

       Petitioner,

    v.                            No. 13-3040-SAC

DAVID MCKUNE, et al.,

       Respondents.


MEMORANDUM AND ORDER

    This case comes before the Court on a petition for habeas corpus filed pursuant to 28 USC § 2254. Petitioner was convicted in state court of one count of attempted murder in the first degree and was sentenced to a term of imprisonment for 620 months. Evidence showed that Petitioner had pointed a .357 magnum pistol at the victim and had shot him once in the back. Petitioner makes multiple challenges to his conviction.

**I. Procedural History**

    The procedural history of this case has been established by the Kansas Court of Appeals (KCOA) in Petitioner's direct appeal, *State v. Barber*, 157 P.3d 6, 2007 WL 1309602 (Kan. Ct. App. May 4, 2007) (Case No. 95,038), and by the KCOA in Petitioner's K.S.A. § 60-1507 motion, *Barber v. State,* 264 P.3d 1060, 2011 WL 6385646 (Kan. Ct. App., December 16, 2011) (Case No. 105,547). The Court adopts the facts stated in those prior

opinions and shall not repeat them except as necessary to the analysis of this petition. *See* 28 U.S.C. § 2254(e)(1) (a court presumes that the factual findings of the state court are correct unless the petitioner rebuts that presumption by "clear and convincing evidence."); *Saiz v. Ortiz*, 392 F.3d 1166, 1175 (10th Cir. 2004).

## II. AEDPA Standard

Habeas petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA "erects a formidable barrier to federal habeas relief," *Burt v. Titlow*, __ U.S. __, 134 S. Ct. 10, 16, 187 L.Ed.2d 348 (2013), and "requires federal courts to give significant deference to state court decisions" on the merits. *Lockett v. Trammel*, 711 F.3d 1218, 1230 (10th Cir. 2013); *see also Hooks v. Workman*, 689 F.3d 1148, 1162-63 (10th Cir. 2012) ("This highly deferential standard for evaluating state-court rulings demands state-court decisions be given the benefit of the doubt." (quotations omitted)).

Under AEDPA, where a state prisoner presents a claim in habeas corpus and the merits were addressed in the state courts, a federal court may grant relief only if it determines that the state court proceedings resulted in a decision (1) "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "that was based on an unreasonable determination of the facts in light of the evidence presented in

the State court proceeding." 28 U.S.C. § 2254(d). *See also Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 783-84, 178 L.Ed.2d 624 (2011).

In reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). In making this assessment, the Court reviews the factual findings of the state court for clear error, reviewing only the record that was before the appellate court. *Cullen v. Pinholster*, __ U.S. __, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011).

## III. Issues

### A. Prosecutorial Misconduct

Petitioner claims that he was denied due process when the prosecutor misstated the law and injected his personal opinion during closing argument. *See* R. Vol. 3, p. 119-20. Defense counsel did not object to the challenged statements. The prosecutor allegedly stated his personal opinion of the act in saying:

> If Robert Barber had not planned on killing C.J. Dunn, then he would have attempted to have resolved this matter without violence. Instead, he chose to have a gun in his hand when he got out of the vehicle to confront C.J. Dunn. Robert Barber did not say anything

3

except, "What's up now?" And he fired the gun, striking C.J. in the back.

The acts of Robert Barber in pointing a .357 magnum revolver at C.J. Dunn and in pulling the trigger on that gun proved that he intended to kill C.J. Dunn. You do not point a gun as powerful as this .357 magnum at someone and pull the trigger, unless you intend to kill that person. Robert Barber pointed the gun at C.J. Dunn and fired it with the intent to kill him. Robert Barber's actions were premeditated.

R. Vol. 3, p. 119-120. The prosecutor allegedly misstated the law by telling the jury that the element of premedidation was proved by Petitioner's acts of getting out of the car with a gun in his hand, pointing it at the victim, and shooting it. Petitioner contends this statement contradicts Kansas law that one cannot infer premeditation from the mere use of a deadly weapon, *see State v. Hamilton*, 216 Kan. 559 (1975), and renders his trial fundamentally unfair.[1]

Petitioner's allegation of prosecutorial misconduct was not raised on direct appeal so is procedurally defaulted. Federal habeas review is available only where the petitioner has given the state courts "one full opportunity to resolve any constitutional issues." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). This issue was presented to the state courts only within the context of an ineffective assistance of counsel claim.

---

[1] Even if this issue were properly before this Court, Petitioner would not prevail as issues of state law are not reviewed on habeas, s*ee Estelle v. McGuire*, 502 U.S. 62, and Kansas law is not as definitive as Petitioner asserts. *Hamilton* states that use of a deadly weapon, the lack of provocation, the nature of the weapon used, and the defendant's conduct before and after the act may be sufficient for a jury to infer premeditation. *Id,* at 567. All of those factors were arguably present here, as shown by the prosecutor's statements above.

4

Even though "[a] habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion [since] there are no state remedies any longer 'available to him," *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), "there is a procedural default for purposes of federal habeas." *Id.* at 735 n. 1. Accordingly, this claim is procedurally barred from federal habeas review because it was not fairly presented to the Kansas Supreme Court and would now be untimely under Kansas's procedural rules. *See O'Sullivan*, 526 U.S. at 848.

For the Court to reach the merits of this claim, Petitioner must show cause for his default and prejudice as a result of the alleged violation of federal law, or demonstrate that this Court's failure to consider the claim will result in a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 488-89, 496, 106 S.Ct. 2639, 2645-46, 2649, 91 L.Ed.2d 397 (1986).

To show cause, petitioner must demonstrate that "some objective factor external to the defense impeded [his] efforts to comply" with the state law. *Murray,* 477 U.S. at 488. "Such an external factor might, for example, be proven by a 'showing that the factual or legal basis for a claim was not reasonably available to counsel, ... or that some interference by officials made compliance impracticable." *Scott v. Mullin,* 303 F.3d 1222, 1228 (10th Cir. 2002) (quoting *Murray,* 477 U.S. at 488). Although cause may be shown

by ineffective assistance of counsel, Petitioner fails to show cause here, as addressed below in Section B.

To show prejudice, petitioner must show that he suffered "actual prejudice as a result of the alleged violation of federal law." *Coleman,* 501 U.S. at 750. Thus the petitioner must demonstrate "a reasonable probability that, but for [the alleged] erro[r], the result of the proceeding would have been different." *Sawyer v. Whitley*, 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992) quoting *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

"The "miscarriage of justice" exception to this general rule requires a more substantial showing: The defendant must not simply demonstrate a *reasonable probability* of a different result, he must show that the alleged error *more likely than not* created a manifest miscarriage of justice." *Sawyer*, 505 U.S. at 364 (emphasis in original). This is "a narrow exception to the cause requirement where a constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense." *Dretke v. Haley,* 541 U.S. 386, 393, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004) (internal quotation marks omitted).

> "[T]he fundamental miscarriage of justice exception seeks to balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To make a credible showing of actual innocence, a "petitioner must 'support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not

presented at trial.'" *Cummings*, 506 F.3d at 1223 (quoting *Schlup*, 513 U.S. at 324). This new evidence "must be sufficient to 'show that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence.'" Id. (quoting *Schlup*, 513 U.S. at 327); accord House, 547 U.S. at 539-40 (reaffirming the *Schlup* test after AEDPA). This standard is "demanding and permits review only in the extraordinary case." *House*, 547 U.S. at 538 (quotations omitted).

*Frost,* at 17.

Petitioner has failed to assert and to show either cause and prejudice, or actual innocence, as is necessary to overcome this procedural default.

### B. Ineffective Assistance of Trial Counsel

Petitioner contends that he received ineffective assistance of trial counsel and was denied due process because counsel did not object to the prosecutor's statements noted above.

### State Court Holding

In his 60-1507 motion, Petitioner contended that his trial counsel provided ineffective assistance of counsel by not objecting to the Prosecutor's closing argument regarding the intent to kill. He argued that the Prosecutor had "injected his personal opinion, when he stated in his closing argument that, 'you don't point a gun as powerful as this .357 magnum at someone and pull the trigger, unless you intend to kill that person.' "

The district court held an evidentiary hearing on the motion, at which trial counsel testified that he had not found the closing argument objectionable because the prosecutor was arguing facts and inferences from them. The judge who heard the 60-1507 motion, who had also presided over

7

Petitioner's criminal case, agreed that the closing argument was not objectionable, stating: "I don't interpret Mr. Wilhoft's closing remarks as an expression of his personal opinion. I think that what he was doing was suggesting to the jury a logical conclusion that the jury should reach based upon the facts, based upon the evidence admitted in the trial." Accordingly, the district court found that the prosecutor was not ineffective by failing to object. The district court also found that he would have overruled any such objection.

The KCOA applied the following law in reviewing this claim of error:

> To show ineffective assistance of counsel, Barber must establish that Maslen's "conduct (1) fell below an objective standard of reasonableness and (2) resulted in prejudice to [him.]" *Albright v. State,* 292 Kan. 193, 209, 251 P.3d 52 (2011). We review the district court's findings of fact for substantial competent evidence, and we determine whether those findings are sufficient to support the district court's conclusions of law. Review of the district court's ultimate conclusions of law is de novo. *Bellamy v. State,* 285 Kan. 346, 354–55, 172 P.3d 10 (2007).

*Barber v. State*, 2011 WL 6385646 at 4. The Court then distinguished Petitioner's claims focused on premeditation from his claims focused on intent. It then resolved the issue, finding:

> The jury is presumed to have followed the district court's instructions, *State v. Reid,* 286 Kan. 494, Syl. ¶ 18, 186 P.3d 713 (2008), and the premeditation instruction informed the jury that "premeditation requires more than the instantaneous, intentional act of taking another's life." Thus, the jury knew that intent alone was not enough to convict Barber of attempted murder in the first degree, contrary to Barber's argument on appeal. Under all these circumstances, Wilhoft's argument was not objectionable, and Maslen was not ineffective for failing to object to it.

Moreover, Maslen's failure to object to Wilhoft's argument did not prejudice Barber. As the district court found, had Maslen objected to the argument on that basis, the court would have overruled the objection. Accordingly, Barber has failed to meet his burden to prove the prejudice prong of the ineffective assistance of counsel standard. See *Albright,* 292 Kan. at 209, 251 P.3d 52.

Finally, we can affirm the district court's ruling for another reason. Barber is essentially contending that Wilhoft committed prosecutorial misconduct, and no objection is necessary during closing argument to preserve the argument for appeal. See *State v. King,* 288 Kan. 333, 349, 204 P.3d 585 (2009). Thus, a lack of objection from Maslen did not prevent Barber from raising this argument on direct appeal. Barber did not raise this argument on direct appeal, but that is not attributable to Maslen, who was no longer Barber's counsel. Yeager was the appellate counsel, but Barber does not argue she was ineffective on this basis, thereby waiving the issue on appeal. See *State v. McCaslin,* 291 Kan. 697, 709, 245 P.3d 1030 (2011).

*Barber v. State*, 2011 WL 6385646 at 6.

### Habeas Review

The Court reviews petitioner's claim of ineffective assistance of counsel under the familiar framework laid out in *Strickland v. Washington*. Under that standard, to prevail on a claim of ineffective assistance of counsel, petitioner must show both that his counsel's performance "fell below an objective standard of reasonableness" and that "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687–88; *accord Hooks v. Workman*, 606 F.3d 715, 723 (10th Cir. 2010).

This court's review of counsel's performance is "highly deferential." *Hooks*, 606 F.3d at 723. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Byrd v. Workman*, 645 F.3d 1159, 1168

(10th Cir. 2011) (quotation omitted). "To be deficient, the performance must be outside the wide range of professionally competent assistance. In other words, it must have been completely unreasonable, not merely wrong." *Hooks*, 606 F.3d at 723 (citations omitted) (internal quotation marks omitted); *accord Gardner v. Galetka*, 568 F.3d 862, 874 (10th Cir. 2009), *cert. denied*, 559 U.S. 993, 130 S.Ct. 1737, 176 L.Ed.2d 215 (2010). "The Supreme Court requires [the court] to make 'every effort … to eliminate the distorting effects of hindsight' by indulging in a strong presumption counsel acted reasonably." *Strickland*, 466 U.S. at 689. Petitioner bears a heavy burden of overcoming the presumption that counsel's actions were sound trial strategy. *Byrd*, 645 F.3d at 1168.

Furthermore, because this is a § 2254 proceeding, the Petitioner faces an even greater challenge, as this court defers not only to the attorney's decision in how to best represent a client, but also to the state court's determination that counsel's performance was not deficient. *Byrd*, 654 F.3d at 1168. For that reason, this court's review of a defendant's habeas claim of ineffective assistance of counsel is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009).

In denying Petitioner's claims of ineffective assistance of trial counsel, the KCOA evaluated the evidence of record and applied the law from *Albright*, which is consistent with the United States Supreme Court's

10

*Strickland* standard for ineffective counsel. *See Albright v. State,* 292 Kan. 193, 209 (2011) (citing *Strickland,* 466 U.S. at 687.) Additionally, the KCOA's factual findings were objectively reasonable. The prosecutor's argument, viewed in the light of the jury instructions, was not objectionable, and the court would have overruled any objection, so Petitioner cannot show any prejudice from counsel's decision not to object. Thus no basis for habeas relief has been shown.

### C. Prosecutor's Conflict of Interest

Petitioner contends that the prosecutor, Mr. Wilhoft, violated his due process rights because approximately eight years earlier he had served as Petitioner's defense counsel in a "substantially related matter." When in private practice, Mr. Wilhoft defended the Petitioner in a jury trial on charges of criminal possession of a firearm and aggravated assault with a firearm. Petitioner, who denied both charges, was acquitted of the assault charge, but was convicted of the criminal firearm charge, although that conviction was reversed on appeal. Petitioner was concerned in this case that the prosecutor would try to admit evidence of his prior case under K.S.A. § 60-455, so raised that issue at trial. After a hearing in which the prosecutor stated his intent not to use any such evidence, the district court found no conflict of interest. Petitioner contends that the prosecutor had confidential information which biased the prosecutor against him, that the prosecutor

had recused himself from other prosecutions involving Petitioner, and that

he should have been disqualified in this case.

### State Court Holding

The KCOA found an insufficient record to support this claim of error.

> Rule 1.9 of the Kansas Rules of Professional Conduct relates to an attorney's representation of a client whose interest is adverse to that of a former client. (2006 Kan. Ct. R. Annot. 421). Barber sought the removal of the Labette County Attorney, Steven Wilhoft, based upon the claim that Wilhoft had a conflict of interest under Rule 1.9. The trial court heard and denied the motion. The record on appeal does not contain a transcript of the hearing, nor does the journal entry denying the motion elaborate on the trial court's reasoning. Once again, we note that the burden is on the appellant to furnish a record which affirmatively shows that prejudicial error occurred in the trial court. Without such a record, we presume the action of the trial court was proper. *Holmes,* 278 Kan. at 612.

*State v. Barber*, 2007 WL 1309602, 2-3 (May 4, 2007).

### Habeas Review

A federal court may not review a habeas claim by a state prisoner if

the state court's decision rests on a state law ground that is independent of

the federal question and adequate to support it. *Coleman,* 501 U.S. at 729-

30. "This rule applies whether the state law ground is substantive or

procedural." *Id.* at 729. A state rule "is independent if it relies on state law

rather than federal law and is adequate if it is regularly followed and applied

evenhandedly." *Zimmer v. McKune*, 87 F.Supp.2d 1153, 1158 (D. Kan.

2000) (citing *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998)).

The independent requirement is met if the last court that rendered a

judgment in the case clearly and expressly stated that its decision rested

upon a state procedural bar. *Harris v. Reed*, 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). The adequate requirement is met if the state procedural rule is a "firmly established and regularly followed state practice" and applied to all similar claims in an evenhanded manner in the majority of cases. *Messer v. Roberts*, 74 F.3d 1009, 1015 (10th Cir.1996) (citations omitted).

Under well-established Kansas law, an appellant has the burden of providing a record which affirmatively shows a prejudicial error occurred, and in the absence of a sufficient record, the appellate courts must presume the actions of the lower courts were proper. *State v. Moncla*, 262 Kan. 58, 68, 936 P.2d 727, 736 (1997). This is a firmly established and regularly followed state practice, applied to similar claims in an evenhanded manner in the majority of cases. *See e.g. State v. Holmes*, 278 Kan. 603, 612, 102 P.3d 406 (2004); *State v. Bloom*, 273 Kan. 291, 307, 44 P.3d 305, 317 (2002); *State v. Albright*, 271 Kan. 546, 556, 24 P.3d 103, 111 (2001). Accordingly, this claim is procedurally barred from habeas review.

Nonetheless, this Court may review this procedurally defaulted claim if the petitioner demonstrates cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice. See *Coleman,* 501 U.S. at 750. Petitioner contends that his ineffective assistance of appellate counsel constitutes cause, and that he was prejudiced in the

13

following respects: 1) he was intimidated from testifying by the prosecutor's personal knowledge of him; the prosecutor did not act even-handedly but instead opposed a reduction in bail, "confined" two material witnesses, argued Petitioner's shooting was intentional, delayed the preliminary hearing and trial, and made a deal with the victim so that the victim identified petitioner at trial even though he could not do so at the scene of the crime.

But prejudice requires petitioner to demonstrate more - a reasonable probability that, but for the alleged error, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694. Petitioner does not show the Court what testimony he would have offered that could have convinced the jury he was not guilty, or show how his history with the prosecutor may have led the jury to convict an innocent man. Further, the Court finds no cause, because his appellate counsel was not constitutionally ineffective, as addressed in detail below.

### D. Ineffective Assistance of Appellate Counsel

Petitioner contends that his appellate counsel was ineffective for failing to identify and provide a record on appeal sufficient to permit the KCOA to review two key motions denied by the district court: his motion to remove the prosecutor based on a conflict of interest, and his motion to continue the jury trial in order to produce a ballistics expert. On direct appeal, petitioner's attorney failed to include relevant transcripts of the hearings on these motions, leading the KCOA to presume the district court's denial was proper

given the lack of a sufficient record. *State v. Barber,* No. 95,038,

unpublished opinion filed May 4, 2007, at 6.

### State Court Holding

The KCOA, in addressing Petitioner's 60-1507 motion, first addressed

Petitioner's motion to remove the prosecutor based on a conflict of interest.

After reviewing relevant documents not presented on direct appeal, it found

no error, stating:

> Based upon our review of the motion, the transcript of the
> hearing on Barber's Motion to Recuse, the trial proceedings and
> briefing, we see no basis to conclude that Wilhoft used any information
> he obtained through his prior representation in 1996 against Barber in
> this later prosecution. Moreover, Barber provides us with no claim or
> evidence that Wilhoft used any such information, including K.S.A. 60–
> 455 evidence, in the attempted murder prosecution. It was Barber's
> burden to show that "counsel's errors were so serious as to deprive
> defendant of a fair trial." *Strickland v. Washington,* 466 U.S. 668, 687,
> 104 S.Ct. 2052, 80 L.Ed.2d 674, *reh. denied* 467 U.S. 4267 (1984).
> That burden has not been met.

> Moreover, on appeal, Barber has failed to show how this particular
> issue would have been meritorious had the transcript been included in
> the record on direct appeal. In short, Barber has failed to show the
> prejudice which is required for his K.S.A. 60–1507 motion to be
> successful.

*Barber v. State*, at 7.

The KCOA separately addressed the claim of ineffectiveness of

appellate counsel for failure to create a proper record regarding denial of

Petitioner's motion to continue trial in order to produce a ballistics expert. It

reviewed the facts, including the district court's reasons for denying his 60-

1507 motion on this basis, then found:

On appeal, Barber contends the "trial may have been much different had he been allowed a continuance to obtain a ballistics expert." "In a criminal case, the decision to continue a case lies within the sound discretion of the district court." *State v. Stevens*, 285 Kan. 307, Syl. ¶ 8, 172 P.3d 570 (2007). If this issue had been fully presented on direct appeal, this court would not have disturbed the district court's ruling absent a showing that "the [district] court abused its discretion and prejudiced [Barber's] substantial rights." *State v. Ly*, 277 Kan. 386, 389, 85 P.3d 1200, cert. denied 541 U.S. 1090, 124 S.Ct. 2822, 159 L.Ed.2d 254 (2004). "Judicial discretion is abused when no reasonable person would adopt the position taken by the [district] court. [Citation omitted.]" 277 Kan. at 389, 85 P.3d 1200.

Having reviewed the transcript of the motion for continuance, a reasonable person could conclude Barber did not show "good cause" for a continuance. K.S.A. 22–3401. In *Ly*, a district court properly denied a motion for continuance made 4 days before trial where the defendant had just received a report from the State's ballistics expert. 277 Kan. at 388–89, 85 P.3d 1200. Our Supreme Court noted the defendant "chose to wait until he received the State's report before requesting independent ballistics analysis." 277 Kan. at 389, 85 P.3d 1200.

In the present case, Barber heard [the State's expert] testify on the ballistics evidence and viewed his report 4 months before trial. Significantly, in the motion to continue the trial, [Petitioner's counsel] made clear that his expert had not even examined or analyzed the firearms evidence at issue. When the delay is considered, together with the inconvenience to the State's other expert witness, the filing of the motion only 6 days before the scheduled trial, and the lack of any showing that the defense expert would have any opinions helpful to the defense, the district court's decision was reasonable.

Moreover, our Supreme Court noted in *Ly*, the defendant "could have had independent testing done after his trial and presented any contrary findings to the [district] court in a motion for new trial based on new evidence." 277 Kan. at 390, 85 P.3d 1200. Barber could have done so as well, but he did not. Thus, his assertion that the trial "may have been much different" is speculative and conclusory. Without such evidence, Barber does not show prejudice from the district court's ruling. *See State v. Cook*, 281 Kan. 961, Syl. ¶ 7, 135 P.3d 1147 (2006); *Ly*, 277 Kan. at 390, 85 P.3d 1200; *City of Overland Park v. Barnett*, 10 Kan.App.2d 586, 595, 705 P.2d 564 (1985).

*Barber v. State*, at 8.

### Habeas Review

The standard for assessing appellate counsel's performance is the same as that applied to trial counsel. *Smith v. Robbins,* 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). The KCOA essentially held that even if counsel's failure to include the relevant transcripts on appeal was objectively unreasonable performance, Petitioner suffered no prejudice from it because those transcripts showed no basis for relief. This was a reasonable conclusion, in accordance with clearly-established federal law. See *Strickland*, 466 U.S. at 687–88.

This Court has reviewed the record and finds that it does not show that the prosecutor had an actual conflict of interest that made fair treatment of petitioner unlikely, so as to deprive him of due process. Nor does it show that the prosecutor's prior representation of the Petitioner or his knowledge gained during that representation had any effect upon the result of Petitioner's trial, or show that a different prosecutor may have acted more favorably to the Petitioner in some way. And an appearance of a conflict of interest is not sufficient to warrant recusal. See generally, *United States v. Lorenzo,* 995 F.2d 1448, 1453 (9th Cir. 1993). "Prosecutors need not be empty vessels, completely devoid of any non-case-related contact with, or information about, criminal defendants." *United States v. Lilly,* 983 F.2d 300, 310, 310 (1st Cir. 1992).

As addressed below in Section E, Petitioner fails to show that the denial of a continuance prejudiced him. To warrant federal habeas relief, a denial of a continuance " 'must have been so arbitrary and fundamentally unfair that it violates constitutional principles of due process.' " *Case v. Mondragon*, 887 F.2d 1388, 1396 (10th Cir. 1989) (quoting *Hicks v. Wainwright*, 633 F.2d 1146, 1148 (5th Cir.1981)), *cert. denied*, 494 U.S. 1035, 110 S.Ct. 1490, 108 L.Ed.2d 626 (1990).

The KCOA reasonably found no ineffective assistance of appellate counsel because Petitioner failed to show that any deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687–88. Even if the omitted records had been included in the record on appeal and the issues had been addressed on the merits, Petitioner would not have prevailed.

## E. Court's Failure to Grant a Continuance

Petitioner contends that he was denied due process because the trial court denied a continuance for Petitioner to obtain a ballistics expert which was key to his defense, yet the court granted continuances to the state without regard to the speedy trial requirements. Respondent contends that this claim is procedurally defaulted, and that no exception permits this court to reach its merits. To this, Petitioner replies that his ineffective assistance of appellate counsel constitutes cause, and that his inability to rebut the state's ballistics evidence constitutes prejudice, permitting him to raise this issue now, although he did not present it to the state courts.

### State Court Holding

The KCOA found an insufficient record of this issue had been presented

on appeal.

> Barber's final continuance request, made 6 days before trial, was for the purpose of his counsel obtaining expert testimony to rebut the State's ballistics evidence. There is nothing in the record to disclose the court's reasons for denying the motion. We find no journal entry, order, or transcript of proceedings relating to the motion. Nevertheless, Barber argues that the court erred in denying the motion. We review the trial court's ruling on this issue using the abuse of discretion standard. *See State v. Meeks,* 277 Kan. 609, 616, 88 P.3d 789 (2004). Without knowing more, the many prior delays in the case and the lateness of the motion in the face of a trial scheduled less than a week away would certainly mitigate against further continuances. Nevertheless we will not speculate on the trial court's reasoning. The burden is on Barber to furnish a record which affirmatively shows that the trial court abused its discretion in denying his motion. Without such a record, we presume the action of the trial court was proper*. See State v. Holmes,* 278 Kan. 603, 612, 102 P.3d 406 (2004).

*State v. Barber*, 2007 WL 1309602 at 2.

### Habeas Review

A federal court may not review a habeas claim by a state prisoner if

the state court's decision rests on a state law ground that is independent of

the federal question and adequate to support it. As noted above, the KCOA's

finding (that the appellant had the burden of providing a record which

affirmatively shows prejudicial error) was based on Kansas law which is

independent and adequate.

But even if this Court were to reach the merits of this issue, Petitioner

has failed to meet his burden to show that the a denial of the continuance

was " 'so arbitrary and fundamentally unfair that it violates constitutional principles of due process.' " *Case v. Mondragon*, 887 F.2d 1388, 1396 (10th Cir. 1989) (quoting *Hicks v. Wainwright*, 633 F.2d 1146, 1148 (5th Cir.1981)), *cert. denied*, 494 U.S. 1035, 110 S.Ct. 1490, 108 L.Ed.2d 626 (1990). The KCOA gave good reasons for finding no prejudice: Petitioner had heard the State's expert testify on the ballistics evidence and viewed his report four months before trial, yet gave no reason for having waited until the week before trial to prepare his own ballistics expert; Petitioner's expert had not yet examined or analyzed the firearms evidence at issue and would need additional time to do so; the State had scheduled various expert surgeons to testify and changing their schedules would be problematic; the motion had been filed only six days before the scheduled trial; Petitioner failed to show that the defense expert would have any opinions helpful to the defense; and, after his trial Petitioner did not do independent testing or present any contrary findings to the district court in a motion for new trial based on new evidence. Under these circumstances, the KCOA's holding that petitioner failed to show prejudice was reasonable and in accordance with federal law. *See Haislip v. Attorney General, State of Kan.*, 992 F.2d 1085, 1088 (10th Cir. 1993).

### F.  Speedy Trial Violation

Petitioner contends that his Sixth Amendment right to a speedy trial was violated because there was a nine-month delay (over 200 days)

between his arrest and the date of his preliminary hearing. Petitioner states that his counsel informally requested and received continuances which were not reflected in the record and that when Petitioner complained about it, his counsel moved to withdraw. He contends the prosecutor postponed the preliminary hearing so he could serve subpoenas on two witnesses, then did not call those witnesses at the preliminary hearing. Petitioner states he suffered severe psychological stress and anxiety and was prejudiced by the delay because it restricted his access to the one witness who testified where the gun was found and who could have established his innocence.

### State Court Holding

The KCOA found that Petitioner's right to a speedy trial was not violated because the trial court had properly applied the factors set forth by the United States Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 530, 33 L.Ed.2d 101, 92 S.Ct. 2182 (1972).

> We review de novo Barber's first claim, that he was denied his constitutional right to a speedy trial. See *State v. Rivera,* 277 Kan. 109, 113, 83 P.3d 169 (2004). In doing so we consider the length of the delay, the reasons for the delay of the trial, Barber's assertion of his right to a speedy trial, any resulting prejudice to him, and any other relevant circumstances. See *Barker v. Wingo,* 407 U.S. 514, 530, 33 L.Ed.2d 101, 92 S.Ct. 2182 (1972).
>
> The State filed the complaint on January 21, 2004, and Barber was arrested February 3, 2004. He was unable to make bail and remained in jail during the remainder of the proceedings.
>
> The scheduling of the preliminary hearing became a major obstacle in the case. The preliminary hearing, originally set for April 21, 2004, was continued to May 6, 2004, at the parties' joint request. It was continued further at the State's request to July 16, 2004, due to the

inability of the State to subpoena two material witnesses for the May 6, 2004, hearing. Barber did not object to this continuance. At Barber's request the court again continued the preliminary hearing and scheduled a status conference on July 26, 2004. At that status conference the preliminary hearing was rescheduled for October 15, 2004. In the meantime, Barber's counsel moved for leave to withdraw, which was granted on October 7, 2004. New counsel was appointed for Barber, requiring another continuance of the preliminary hearing which was only a week away. The court rescheduled the preliminary hearing for November 17, 2004. In the interim Barber's second counsel was replaced by a third attorney. Nevertheless, the preliminary hearing went forward as scheduled on November 17, 2004, and Barber was bound over for trial.

On November 22, 2004, Barber was arraigned and entered a not guilty plea. Trial was scheduled for February 16, 2005. On December 13, 2004, Barber moved to dismiss for denial of his speedy trial and due process rights. Barber's motion addressed the delay in his preliminary hearing. At the hearing on the motion, the trial court determined that the 9–month delay between Barber's arrest and the preliminary hearing was for just cause and unavoidable. In denying Barber's motion, the court found that except for the initial delay on July 16, 2004, due to the unavailability of the State's witnesses, all other delays were either at the request of Barber or his counsel or agreed upon or acquiesced to by Barber's counsel. Further, Barber never asserted his speedy trial right until the December 13, 2004, motion. Finally, Barber was not prejudiced by the delay. Barber's hypertension was not caused by his incarceration while awaiting trial.

The trial court correctly applied the four factors adopted in *Barker.* The delay due to the State's requested continuance did not violate Barber's rights. Barber's right to a speedy trial was not violated by the delay between his arrest and the preliminary hearing.

*State v. Barber*, 2007 WL 1309602 at 1-2.

### Habeas Review

The Sixth Amendment to the United States Constitution guarantees an accused the right to a speedy trial. *Barker v. Wingo* sets forth four factors to consider in determining whether pretrial delays violate a defendant's right to

a speedy trial: (1) the length of the delay, (2) the reason for the delay, (3) whether the defendant asserted his right, and (4) any prejudice to the defendant resulting from the delay. *Id.* at 530, 92 S.Ct. 2182. "The first factor, length of delay, functions as a 'triggering mechanism'." *Id.* (citing *Barker,* 407 U.S. at 530). "The remaining factors are examined only if the delay is long enough to be presumptively prejudicial." *Id.*

The nine–month delay between Petitioner's arrest and his preliminary hearing was not presumptively prejudicial. *See Doggett v. United States,* 505 U.S. 647, 652 n. 1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) ("[T]he lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year."); *United States v. Dirden,* 38 F.3d 1131, 1138 (10th Cir.1994) (declining to find seven-and-one-half-month delay between arraignment and trial presumptively prejudicial); *United States v. Kalady,* 941 F.2d 1090, 1095–96 (10th Cir.1991) (finding an eight-month delay between indictment and trial nonprejudicial). *See United States v. Lugo,* 170 F.3d 996, 1002 (10th Cir. 1999) (seven month delay not presumptively prejudicial).

It is not necessary for the record to show the exact reasons for each continuance that lead to the nine-month delay between Petitioner's arrest and the date of his preliminary hearing. *Cf, Tillman v. Kansas*, 274 Fed.Appx. 706, 708, 2008 WL 1788838, 2 (10th Cir. 2008). Here, the KCOA

applied the relevant federal law, *Barker v. Wingo*, and its factual findings were reasonable. No basis for habeas relief has thus been shown.

### G. District Court's Failure to Follow Kansas Supreme Court Rule

Petitioner initially asserted that the district court, in denying his K.S.A. 60-1507 motion, violated a Kansas Supreme Court Rule by failing to make sufficient findings of fact and conclusions of law. But in his traverse, Petitioner admits that this is solely an issue of state law which is not cognizable in this habeas petition. Dk. 18, p. 16. The Court agrees. See *Estelle*, 502 U.S. at 67-68.

## IV. Evidentiary Hearing

The court finds no need for an evidentiary hearing. ("[A]n evidentiary hearing is unnecessary if the claim can be resolved on the record.)" *Anderson v. Attorney Gen. of Kansas,* 425 F.3d 853, 859 (10th Cir. 2005) *Schriro,* 550 U.S. at 474 ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

## V. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has

rejected the constitutional claims on the merits, a petitioner makes that showing by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). *See United States v. Bedford,* 628 F.3d 1232 (10th Cir. 2010). The Court finds that Petitioner has not met this standard as to any issue squarely presented in this case, so denies a certificate of appealability.

IT IS THEREFORE ORDERED that the petition for habeas corpus relief under 28 U.S.C. § 2254 (Dk.1) is denied.

Dated this 11th day of June, 2014, at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge